UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HENRY LOYD, | ) | CASE NO. 1:14 CV1647 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WORKERS COMPENSATION, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Before the Court is *pro se* plaintiff Henry Loyd's above-captioned complaint against Workers Compensation. For the reasons set forth below, the complaint is dismissed.

The complaint Mr. Loyd filed is a Sample document provided by the Northern District Court of Ohio. At the bottom of the document, is a scribbled note indicating Mr. Loyd had a court order stating workers compensation paid "claim insurance to privileged matter." (Doc. No. 1.) Beyond that phrase, the remainder of the one page complaint is unintelligible.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally

implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Failure to State a Claim*

Construing the Complaint in a light most favorable to Mr. Loyd, the Court concludes he could not prove any set of facts in support of his claim that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). As a threshold matter, a plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible ...". *Denton v.*

*Hernandez*, 504 U.S. 25 (1992). Even liberally construed, the complaint does not contain allegations reasonably suggesting Mr. Loyd might have a valid federal claim against Workers Compensation.

*Conclusion*

Based on the foregoing, the complaint is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 15, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."